IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01573-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

AKEEM MAKEEN,

    Plaintiff,

v.

HONORABLE KENNETH M. LAFF, in his official capacity as a
    Denver District Judge of the Denver District Court, and
THE STATE OF COLORADO,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Akeem Makeen, resides in Denver, Colorado.  He initiated the instant action by filing *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. §§ 1983, 1981, and 1988, and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).  Mr. Makeen will be granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

As relief, he asks this Court to:

    1.  Vacate the Colorado Court of Appeals case number 2012CA1276;

    2. Vacate the Denver District Court case number 2010CV649 denying Makeen's motion for summary judgment against Ordway's counter claims[;]

    3. Reinstate the Court's order granting Makeen's motion for summary judgment against Ordway's counter claim[; and]

      4. Any other relief the court deems.

ECF No. 1 at 5.

    The Court must construe Mr. Makeen's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the Complaint will be dismissed.

    Mr. Makeen clearly wants this Court to reverse state court proceedings, which he contends violated his rights to equal protection and due process. According to the online legal research service, Westlaw, *Makeen v. Hailey*, No. 12CA1276, 2013 WL 5835874 (Colo. Ct. App. Oct. 31, 2013), affirmed City & County of Denver District Court Case No. 10CV649 filed on January 27, 2010, against Theresa A. Hailey and Allison J. Ordway. The Honorable Kenneth M. Laff presided over the district court case.

    To the extent Mr. Makeen asks this Court to review and reverse the state court decisions in Nos. 12CA1276 and 10CV649, the Court may not do so. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based

on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148 (internal quotation marks omitted); *see also Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

If no final judgment had been entered in the state court action, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

To the extent Mr. Makeen asks this Court to compel the state courts to vacate their orders, he is seeking relief in the nature of mandamus. Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.

*Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Mr. Makeen has not presented the Court with an extraordinary situation mandating mandamus relief. He has no clear right to the relief sought, the named Defendants do not owe him a clear nondiscretionary duty, and he does not allege that no other adequate remedy is available.

Finally, Mr. Makeen is suing improper parties. His claims against the Honorable Kenneth M. Laff, a Denver District Court judge, are subject to dismissal based on the doctrine of judicial immunity. Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*,

4

920 F.2d 673, 686 (10th Cir. 1990).  Mr. Makeen does not state any facts to indicate that Judge Laff was acting outside of his judicial capacity.

The State of Colorado also is an improper Defendant in this action.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Therefore, Mr. Makeen may not sue the State of Colorado.

The Complaint and the action will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine or, if applicable Younger abstention.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Makeen files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is granted. It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine or, if applicable, *Younger* abstention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of   June        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is granted. It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine or, if applicable, *Younger* abstention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of   June        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court